**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew D. Pinard, | No. CV-20-08240-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Bausch and Lomb Incorporated, | |
| Defendant. | |

At issue is Defendant Bausch and Lomb, Inc.'s Motion to Dismiss for Failure to State a Claim (Doc. 14, MTD), to which Plaintiff Matthew D. Pinard Filed a Response (Doc. 17, Resp.) and Defendant filed a Reply (Doc. 18, Reply). Neither party requested oral argument on the Motion, and the Court finds this matter appropriate for resolution without oral argument. LRCiv 7.2(f).

**I.    BACKGROUND**

According to the Complaint (Doc. 1, Compl.), Plaintiff worked as a sales representative for Defendant from April 11, 2014 to June 15, 2017. Valeant Pharmaceuticals International, Inc. was Defendant's parent company until 2018; since then, Defendant's parent has been Bausch Health Companies, Inc. Plaintiff alleges that Gary Tanner, a Valeant executive, conspired with Andrew Davenport, founder of a specialty pharmacy called Philidor, to increase Valeant brand-name product sales, creating a windfall for Tanner and Davenport. Plaintiff alleges he unknowingly encountered this alleged fraud when his supervisors pressured him to promote and prescribe Valeant brand-

name drugs for off-brand uses, which prescriptions were then filled by Philidor. When Plaintiff raised concerns about promoting off-brand uses of Valeant drugs, Plaintiff was criticized by his supervisor in May 2017. Plaintiff also alleges he contacted Valeant's legal counsel later in 2017 to report that he felt pressure to promote off-brand uses of Valeant drugs. Defendant terminated Plaintiff's employment for performance deficiencies on June 15, 2017; Plaintiff alleges this was four days after he reported his concerns to in-house counsel and that his report was the real reason for his termination.

Tanner and Davenport were arrested for conspiracy to commit fraud in 2016 and convicted and sentenced in 2018, and Plaintiff alleges that he "did not discover the retaliatory intent behind his termination until the convictions and the full details of the fraud and conspiracy were released." (Compl. ¶ 44.) Plaintiff now raises a single claim against Defendant under the False Claims Act ("FCA"), 31 U.S.C. § 3730(h), for retaliation against an employee "because of lawful acts done by the employee in furtherance of efforts to stop one or more violations of the FCA." (Compl. ¶ 63.) Plaintiff's theory of liability is that the pressure he felt and reported to in-house counsel to promote off-brand uses of Valeant drugs was related to a broader conspiracy by Defendant to "defraud the Government by getting false or fraudulent claims allowed or paid by the Government in furtherance of the object of the conspiracy, which was to promote and increase sales." (Compl. ¶ 64(b).) Defendant's firing of Plaintiff on account of his report to in-house counsel, Plaintiff surmises, was retaliation in violation of the anti-retaliation provision of the FCA, 31 U.S.C. § 3730(h)(1), and Plaintiff seeks back pay, double damages, compensatory and special damages, attorneys' fees and costs under that statute. (Compl. ¶¶ 69-70.) Defendant now moves to dismiss the claim under Federal Rule of Civil Procedure 12(b)(6).

**II.   LEGAL STANDARD**

When analyzing a complaint for failure to state a claim for relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III. ANALYSIS

The Court would have serious concerns about the merits of Plaintiff's FCA retaliation claim; in particular, it is too far a stretch to conclude that Plaintiff's reporting of pressure by his supervisors to promote off-brand drug use is the same as reporting the filing of false claims to the government—a protected activity under the FCA. But the Court's resolution of Defendant's Motion to Dismiss begins and ends with an analysis of Plaintiff's compliance with the applicable statute of limitations.

Plaintiff filed this lawsuit on September 15, 2020, which is three years and three months after Defendant terminated his employment. Plaintiff's claim against Defendant is under the anti-retaliation section of the FCA, 31 U.S.C. § 3730(h), the statute of limitations for which is § 3730(h)(3): "A civil action under this subsection may not be brought more

than 3 years after the date when the retaliation occurred." The parties do not dispute that the allegations show the claimed retaliation occurred when Defendant fired Plaintiff on June 15, 2017. Thus, on the face of the statute of limitations, Plaintiff's claim is time-barred.

Plaintiff first asks the Court to apply the discovery rule and find that Plaintiff has sufficiently alleged that he did not discover the claim until well after Defendant fired him. But, as Defendant points out, the discovery rule is inapplicable here because 31 U.S.C. § 3730(h)(3) contains no such provision. Plaintiff argues that the Supreme Court applied the discovery rule in *Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 139 S. Ct. 1507 (2019), but in that case, the plaintiff brought a substantive FCA claim for which the applicable statute of limitations is § 3731(b)—a section that explicitly allows civil actions "3 years after the date when facts material to the right of action are known or reasonably should have been known" if within 10 years of the commission of the FCA violation. The statute of limitations applicable to Plaintiff's claim, § 3730(h)(3), contains no discovery-related provision. Indeed, as Defendant also points out, the fact that Congress included a discovery provision in the statute of limitations for another section of the FCA shows that Congress knew how to do so, and the Court must conclude Congress intended no discovery-related exception to § 3730(h)(3). *See Rotkiske v. Klemm*, 140 S. Ct. 355, 360-61 (2019) (holding in the context of the Fair Debt Collection Practices Act that the Court will not infer that the limitations period may run from the date an alleged violation is discovered when the text of the statute of limitations contains no such provision).

Plaintiff next argues two equitable doctrines—tolling and estoppel—for an extension to the limitations period, but Plaintiff's allegations support neither. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). With regard to the first element, Plaintiff's brief (Resp. at 13 (citing Compl. ¶¶ 35-45)) points to allegations in the Complaint recounting his concerns with promoting off-brand uses of Defendant's drugs

while still employed, and only one allegation concerns activity after his termination: "on or around October 30, 2018, Mr. Tanner and Mr. Davenport were sentenced for their crimes connected to the fraud" (Compl. ¶ 43). The diligence the equitable tolling doctrine contemplates is diligence in pursuing the legal rights arising from the alleged retaliatory act—Plaintiff's termination. Plaintiff alleges nothing whatsoever, other than a reference to the sentencing of a former executive of Defendant, regarding his actions in pursuing his rights after the alleged retaliatory termination. The Court cannot plausibly infer any diligence on the part of Plaintiff in pursuing his rights after termination. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.")

Likewise, Plaintiff alleges no facts from which the Court can infer extraordinary circumstances preventing him from bringing a retaliation claim. "Equitable tolling is typically granted when litigants are unable to file timely [documents] as a result of external circumstances beyond their direct control." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). In *Irwin v. Department of Veterans Affairs*, 489 U.S. 89, 96 (1990), the Supreme Court stated,

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

In his Response, Plaintiff asserts facts not contained in the Complaint to support his extraordinary circumstances argument, including that before his termination, Defendant directed him "not to investigate further" and stated "that the industry was small and he should keep his mouth shut." (Resp. at 13 & n.7.) Aside from the obvious flaw that no such allegations are in the Complaint, these generalized statements do not imply that, after his

termination, Plaintiff was unable to timely file a Complaint raising a FCA retaliation claim through circumstances beyond his control.

Finally, Plaintiff also has not alleged any facts plausibly triggering application of the equitable estoppel doctrine. "Equitable estoppel focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). "A finding of equitable estoppel rests on the consideration of a non-exhaustive list of factors," including "the plaintiff's actual and reasonable reliance on the defendant's conduct or representations," and "evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct." *Id.*

In his Response, Plaintiff points to the same allegations of pre-termination conduct on the part of Defendant as he referred to in support of his equitable tolling argument. (Resp. at 14 (citing Compl. ¶¶ 35-45).) As Defendant correctly argues (Reply at 7), to demonstrate equitable estoppel, "the plaintiff must point to some fraudulent concealment, some active conduct by the defendant '*above and beyond* the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'" *Lukovsky v. City & Cnty. of S.F.*, 535 F.3d 1044, 1052 (9th Cir. 2008) (quoting *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006)). In Plaintiff's Response, he argues that he "actually and reasonably relied on [Defendant's] representations (and actions) that the scheme was lawful." At best, that allegation only supports an FCA retaliation claim;[1] it does not address untoward conduct on the part of Defendant after his termination. In short, Plaintiff's allegations do nothing to support invocation of the equitable estoppel doctrine here. *See Coppinger-Martin v. Solis*, 627 F.3d 745, 751-52 (9th Cir. 2010) (finding the plaintiff

---

[1] As the Court alluded to earlier in this Order, Plaintiff's allegations do not support a FCA retaliation claim at all. Taking this allegation as an example, Plaintiff alleged elsewhere in the Complaint that he expressed concerns about promoting off-brand drug sales. The parties do not disagree that off-brand drug sales are not illegal in and of themselves, so Defendant's alleged representations "that the scheme was lawful" are not false and do not give rise to an FCA claim, much less an inference of equitable estoppel. And the Complaint utterly lacks any non-conclusory allegations supporting the inference that Plaintiff was terminated for reporting or expressing concern about false claims on the government, as required to state an FCA retaliation claim.

failed to "allege that [the defendant] hid evidence, promised not to plead the statute of limitations, or otherwise engaged in some misconduct separate from her claim for retaliatory discharge").

For all these reasons, the Court must conclude that Plaintiff's claim is time-barred under 31 U.S.C. § 3730(h)(3). The Court further finds Plaintiff cannot cure the defects in his Complaint by amendment and will therefore dismiss this case. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**IT IS THEREFORE ORDERED** granting Defendant Bausch and Lomb, Inc.'s Motion to Dismiss for Failure to State a Claim (Doc. 14).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment dismissing Plaintiff's claim and close this case.

Dated this 21st day of September, 2021.

Honorable John J. Tuchi
United States District Judge